(Reap. Dec. 11032)

WM. R. NEAL, INC., ET AL. v. UNITED STATES

Entry No. 23172, etc.

(Decided June 22, 1965)

*Barnes, Richardson & Colburn* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule "A," attached to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto subject to the approval of the court:

That the merchandise covered by the appeals for reappraisement listed in Schedule "A", attached hereto and made a part hereof, consists of steel strap similar in all material respects to the merchandise which was the subject of *Acme Steel Company* v. *United States*, C.A.D. 841.

That the issues are similar in all material respects to the issues involved in said C.A.D. 841, and that the record therein may be incorporated herein and that the merchandise in this case was sold under conditions and practices similar to those which existed in said C.A.D. 841.

That at the time of exportation the price at which such or similar merchandise was freely sold in the principal markets of Canada, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit price.

That the instant appeals are submitted for decision on the incorporated record and this stipulation.

Upon the agreed facts and the cited authority, I find that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the steel strap covered by these appeals for reappraisement, and that such value is the invoiced unit price.

Judgment will be entered accordingly.